United States District Court
Southern District of Texas
**ENTERED**
February 26, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALLY BANK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:20-CV-4235** |
| | § | |
| **JERRY ALEXANDER,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] are Plaintiff's Motion to Remand (Dkt. No. 4) and Defendant's Motions to Dismiss (Dkt. Nos. 6, 8). The Court has considered the motions, the responses, the evidence, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's Motion to Remand be **GRANTED** and that all remaining motions be **DENIED AS MOOT** for lack of jurisdiction.

Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c).

Defendant removed this case on the basis of federal question jurisdiction under 28 U.S.C. § 1331. In determining whether a case arises under federal law, courts look to whether the plaintiff's well-pleaded complaint raises issues of federal law, arising under the Constitution, laws,

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure ("Rule") 72. (*See* Dkt. No. 2.)

or treaties of the United States. *Howery*, 243 F.3d at 916; *see Ripoll v. RBC Capital Markets, LLC*, No. CV H-20-1193, 2020 WL 5819851, at *3 (S.D. Tex. Sept. 30, 2020).

In this case, nothing about Plaintiff's pre-removal petition appears to raise issues of federal law, therefore, there was no federal subject matter jurisdiction upon which to base removal, and remand is appropriate.[2] *See B2B Web Ventures, LLC v. Mitchell*, No. 4:07CV382, 2007 WL 2688469, at *1 (E.D. Tex. Sept. 11, 2007).

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's Motion to Remand (Dkt. No. 4) be **GRANTED** and that all remaining motions be **DENIED AS MOOT** for lack of jurisdiction.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers

---

[2] Plaintiff sued Defendant for damages and to foreclose Plaintiff's security interest in a 2015 Dodge Challenger after Defendant defaulted on the Motor Vehicle Retail Installment Sales Contract for the purchase of the vehicle. (Dkt. No. 4 at 1–2; Dkt. No. 5-1 at 2–3.) Plaintiff also sought a writ of sequestration to obtain possession of the vehicle, which was granted by the Harris County Court at Law No. 2. (Dkt. No. 4 at 2; *see* Dkt. No. 5-2.)

of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

      **SIGNED** in Houston, Texas on February 26, 2021.

_____
Sam S. Sheldon
United States Magistrate Judge