United States District Court
Southern District of Texas
**ENTERED**
April 12, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ALLY BANK and PAUL R. LAWRENCE, | § § § | CIVIL ACTION NO. 4:20-cv-04235 |
| Plaintiffs, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| JERRY ALEXANDER, | § | |
| Defendant. | § | |

## ORDER ADOPTING
## MEMORANDUM AND RECOMMENDATION

This case involves claims by Plaintiffs Ally Bank and Paul L. Lawrence for foreclosure of a 2015 Dodge Challenger owned by Defendant Jerry Alexander and for related damages. Dkt 5-1. Plaintiffs also sought and received a writ of sequestration to obtain possession of the car. Dkt 4 at 2; see also Dkt 5-2. Alexander removed, asserting federal-question jurisdiction. Dkt 1. Plaintiffs moved for remand. Dkt 4. Alexander moved to dismiss Plaintiffs' claims. Dkt 6.

The case was referred for disposition to Magistrate Judge Sam S. Sheldon. Dkt 2. He considered the motions. He then recommended that the motion to remand be granted because the complaint doesn't present a federal question as required by 28 USC § 1331. He also recommended that all other motions be denied as moot for lack of subject-matter jurisdiction. Dkt 9 at 2.

Alexander proceeds here *pro se* and filed an objection. Dkt 10. He contends that his notice of removal (including challenge to issuance of the writ of sequestration) presents a federal question under 18 USC §§ 1621 and 1623. Id at 1–2.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864

F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Comm Note (1983).

The Court has reviewed *de novo* the objection by Alexander. It lacks merit. The Magistrate Judge correctly determined that Alexander's state-court complaint doesn't present a federal question. As concluded by the Magistrate Judge in his recommendation, federal-question analysis is limited to issues raised by the plaintiff's well-pleaded complaint. Dkt 9 at 1–2; for example, see *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001). The federal statutes cited by Alexander in his notice of removal are irrelevant to this question of jurisdiction. Likewise, the federal statutes cited by Alexander in his objection—18 USC §§ 1621 and 1623—deal with federal crimes and aren't pertinent to these claims. Citation to 28 USC § 1746 is likewise inapposite, as it deals only with the particulars on unsworn declarations. See Dkt 10 at 1–2.

The Court has otherwise considered the Memorandum and Recommendation and reviewed the pleadings, the record, the applicable law, and the objection. No clear error appears.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 9.

The motion for remand by Plaintiffs Ally Bank and Paul R. Lawrence is GRANTED.

This case is REMANDED to the County Court at Law No 2 of Harris County, Texas.

The Clerk of Court is DIRECTED to provide a copy of this Opinion to the Harris County Clerk's Office.

All other motions are DENIED AS MOOT for lack of jurisdiction.

So ordered.

Signed on April 12, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge